**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW M.A. HAMILTON, | Civil Action No. 09-795 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| MICHELLE RICCI, et al., | |
| Defendants. | |

**APPEARANCES:**

Andrew M.A. Hamilton, Pro Se, #276068
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER, District Judge**

Plaintiff, Andrew M.A. Hamilton, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff seeks to sue Michelle Ricci, the warden of the New Jersey State Prison, and Michelle Warren Hammel, the director of the Special Investigations Division.  The complaint is incoherent.  Plaintiff has left blank the section of the complaint entitled "Statement of Claims."  Regarding Ricci, plaintiff states: "She keep letting others under her command disrespect my religion; so has S.I.D. meaning 'Special Investigations Division;' here at same prison; and S.C.O. Males an[d] females.  Polygraph will prove this.  Thank you."  (Compl., ¶ 4(b)).  Under Hammel's name, plaintiff writes: "I sent affidavit to same; quote on quote?" (Compl., ¶ 4(c)).

Under "Relief," plaintiff writes: "To the Court? Rule on this matter of my to band these things to do to me and many others never use any cruelty to any inmate again?  And to have these implants removed from [our] gums?  God-willing.  And to pay for damages."  (Compl., ¶ 7).

**DISCUSSION**

**A.   Standard of Review**

The purpose of the Prison Litigation Reform Act is "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  To curtail meritless

prisoner suits, a court must dismiss at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A court, while accepting well-pleaded allegations as true, will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

As to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations omitted); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (when assessing complaint's sufficiency, court must distinguish factual contentions — which allege behavior by defendant, that, if true, would satisfy one or more elements of claim asserted — and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct (1) was committed by a person acting under color of state law and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Even liberally construing the plaintiff's complaint, the Court finds that it alleges no constitutional violation.  While the allegations of pro se litigants are liberally construed, a complaint devoid of a coherent legal theory or supporting facts

4

cannot satisfy the minimal requisites for consideration by the Court.  See Denton v. Hernandez, 504 U.S. 25 (1992) (dismissal appropriate where facts alleged are irrational or wholly incredible).

## CONCLUSION

Based on the foregoing, the complaint will be dismissed without prejudice.  See Alston v. Parker, 363 F.3d 229, 234 n.7 (3d Cir. 2004) (stating that with complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit plaintiff to amend complaint to make it plain).  The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995).  Here, if plaintiff can correct the deficiencies of his complaint, he may move to reopen the action. The Court will issue an appropriate Order and Judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:    August 3, 2009